[No. 2854.  Decided May 25, 1898.]

A. J. KROENERT *et al.*, *Appellants*, v. SOPHIA GUSTA-
SON, *as Guardian, Respondent.*

APPEAL — SETTLEMENT OF STATEMENT OF FACTS — NOTICE.

Where a notice to respondent that appellant will apply to the
judge to settle and certify a statement of facts fails to designate
the place where the settlement and certification are to be had, the
notice is insufficient, under Laws 1893, p. 114, § 9 (Bal. Code,
§ 5058), which requires the time and place to be specified in such
notices.

Appeal from Superior Court, Chehalis County.—Hon.
CHARLES W. HODGDON, Judge.  Appeal dismissed.

*J. C. Cross*, for appellants.

*W. H. Abel*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Plaintiffs, Kroenert Brothers, commenced
a suit to foreclose a mortgage against Gustason and wife
and others.  Judgment of foreclosure was rendered and
a sale of the mortgaged premises decreed.  Thereafter
sale was made and one Elston was the purchaser and
received the sheriff's certificate of sale, and he thereafter
paid the taxes due on the premises so purchased.  After-
wards Kroenert Brothers gave notice of their intention to
apply to the sheriff to redeem from the sale to Elston
and did so redeem.  After confirmation of the sale under
foreclosure, Sophia Gustason, as guardian for the Johnson
minors, applied to the sheriff to redeem from Kroenert
Brothers, first mortgagors.  The sheriff refused to exe-
cute a redemption certificate to Mrs. Gustason as such
guardian.  Whereupon Mrs. Gustason, as guardian afore-

said, filed her bill in the superior court to redeem the premises. Issues were made up and a trial had, and judgment of the court decreeing the redemption rendered. From this judgment Kroenert Brothers have appealed.

The only errors urged by appellants arise upon the testimony heard in the superior court and exceptions taken to the findings of fact. Respondent has moved to strike from the record here the purported statement of facts in the cause, on the ground that no notice of the certification of the statement was given as required by law. It appears that a proposed statement of facts was filed in the superior court by appellants and notice of the filing thereof given to respondent, and included in the notice respondent was further notified that appellants would, at the expiration of ten days from the date of notice, at the hour of two o'clock in the afternoon of that day, ask the court and the judge thereof to settle and certify the statement of facts. Within the ten days after the filing of the statement, respondent moved to strike certain portions of the proposed statement and also proposed certain amendments thereto. No other or further notice of the settlement of the statement before the superior judge was given, and respondent did not appear before the judge at the time of the purported settlement and certification of the statement brought here. But it appears from the certificate of the superior judge that, after several postponements of the time of the settlement upon the motion of appellants, the judge refused to strike any of the matters contained in the proposed statement as requested by respondent, but granted the amendments to the statement proposed by respondent. The settlement of the statement as mentioned was *ex parte*.

Without considering whether the notice of filing the statement could also contain a notice of the time and place

of the settlement of the same, it will be observed that the notice given did not specify the place of settlement and certification. In determining the effect of such omission of place in the notice to settle a statement of facts, this court said, in *American Asphalt Co. v. Gribble*, 8 Wash. 255 (35 Pac. 1098):

" The notice of filing the statement of facts herein, which was served on the respondent, failed to designate a place at which the appellant would apply to the court or judge who tried the cause or rendered the judgment complained of, to settle and certify said statement of facts. The notice, therefore, omitted one of the positive requirements of the statute then in force (Code Proc. § 1422), and consequently was wholly ineffectual for the purpose intended;"

and it was ruled that such statement of facts could not be considered by the court, and a motion to strike the statement from the record was granted. Section 9 of the appeal act, Laws 1893, p. 114 (Bal. Code, § 5058) under which this appeal is taken, prescribes that, " Either party may then serve upon the other a written notice that he will apply to the judge of the court before whom the cause is pending or was tried, at a time and *place* specified," etc., to settle and certify the statement. It will thus be seen that the effect of such omission to specify the place in the notice to settle and certify a statement of facts or bill of exceptions has been determined in the case above cited.

The motion to strike the statement of facts is therefore granted and, there being nothing further to be considered in the cause, the appeal is dismissed.

SCOTT, C., J., and GORDON and DUNBAR, JJ., concur.